UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYL PAYTON | CIVIL ACTION |
| VERSUS | NO: 10-1015 |
| HARTFORD | SECTION: (4) |

## ORDER

Before the Court is a **Motion to Reconsider Judgement (R. Doc. 25)** filed by Plaintiff Gayl Payton ("Payton"), requesting the Court reconsider its April 4, 2011 Judgment dismissing with prejudice Plaintiff's claims against Defendant Hartford Life and Accident Insurance Company (incorrectly named Hartford) ("Hartford"). The motion was heard on the briefs on Wednesday, August 31, 2011. Hartford opposes the motion. (R. Docs. 26, 33.) This matter is before the undersigned United States Magistrate Judge upon consent of the parties pursuant to **Title 28 U.S.C. § 636(c)**.[1]

### I. Factual Background

Payton filed the instant *in forma pauperis* lawsuit against Hartford seeking a review of Hartford's denial of her Long Term Disability ("LTD") payments pursuant to the Employee Retirement Income Security Act ("ERISA"). (R. Doc. 1.) On December 22, 2010, Hartford filed

---

[1] R. Doc. 19.

a motion for summary judgment. (R. Doc. 20.) Payton did not oppose the motion. On April 4, 2011, this Court issued an Order and Reasons finding that Hartford's denial of benefits was not arbitrary and capricious, and dismissing Payton's lawsuit and claims with prejudice.[2] (R. Doc. 23.)

On August 11, 2011, Payton filed a Motion to Reconsider Judgment requesting this Court reconsider its Judgment. Payton does not invoke a particular Federal Rule of Civil Procedure. Instead, Payton argues that due to a setback in her health, she was unable to timely address the matters brought forth by the Court. Payton further contends that she finds the correspondence between Hartford and the Court confusing. Finally, Payton requests the Court "dismiss the above captioned lawsuit and all claims without prejudice."[3]

## II.  Standards of Review

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). In the Fifth Circuit, however, motions asking a court to reconsider an order, such as the instant motion, are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), or a motion for relief from a judgment or order pursuant to Rule 60(b). *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 09-7791, 2011 U.S. Dist. LEXIS 62761, at *1 (E.D. La. June 13, 2011) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

Rule 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Fifth Circuit describes "the scope

---

[2]The Order was entered into the record on April 5, 2011.

[3]Although Payton's motion requests the Court dismiss the lawsuit, the motion and subsequent supporting memoranda read like a motion to reconsider. Thus, Payton's motion will be analyzed as a motion to reconsider.

of Rule 59(e) as 'unrestricted,' while noting that 'Rule 60(b) relief may be invoked only for the causes specifically stated in the rule.'" *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010)(quoting *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986)).

Rule 60(b) states that upon motion and just terms, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six enumerated reasons. Fed.R.Civ.P. 60(b). Rule 60(c)(1) states that a motion under Rule 60(b) "must be made within a reasonable time" and that motions under Rule 60(b)(1), (2), and (3) must be filed no more than one year after the entry of the judgment, order, or date of the proceeding. Fed.R.Civ.P. 60(c)(1).

The burden of establishing at least one of the six factors in Rule 60(b) rests with the moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc). Further, the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).

### III.   Analysis

Plaintiff concedes in her motion that she did not respond to Hartford's motion for summary judgment. Plaintiff asserts, however, that her failure to respond was caused by a health setback. Payton's memorandum in support of her motion does not address the standards under Rules 59(e) or 60(b). Rather, it focuses on the underlying facts of Payton's ERISA claim.

In response, Hartford argues that Payton's motion is untimely and that Payton has failed to address the untimeliness of her motion. Hartford further argues that the standards for granting a motion under Rules 59(e) and 60(b) have not been met by Payton. Hartford further argues that there is no factual, legal or procedural basis for the Court to reconsider its prior ruling. Finally, Hartford

objects to the exhibits attached to Payton's memorandum in support of her motion on the grounds that they are not part of the Administrative Record in this ERISA governed claim.

Here, final judgment was entered on April 5, 2011. Payton thus had twenty eight days, or until May 3, 2011, to file a timely Rule 59(e) motion. The pending motion, filed on August 11, 2011, was filed outside this ten twenty eight day window. Thus, the motion is untimely and cannot be construed as a Rule 59(e) motion. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998).

Because Payton's motion is untimely under Rule 59(e), it must be analyzed under Rule 60(b). *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998), *cert. denied*, 526 U.S. 1005, 119 S. Ct. 1143, 143 L. Ed. 2d 210 (1999); *Lavespere v. Niagra Mach. & Tool Works*, Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986), *cert. denied*, 479 U.S. 930, 107 S. Ct. 398, 93 L. Ed. 2d 351 (1986).

Rule 60(b) sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; and (5) satisfaction, release, or discharge of the judgment. Fed. R. Civ. P. 60(b). Rule 60(b)(6) additionally provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). However, relief will

be granted only if "extraordinary circumstances" are present. *Id.* Further, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 1987).

Here, Payton fails to allege any Rule 60(b) grounds for relief. She does not claim that she is entitled to relief based on mistake, inadvertence, surprise, or excusable neglect under subsection (b)(1), nor does she argue that there exists any newly discovered evidence that might justify a new trial under subsection (b)(2). Payton has not alleged fraud under subsection (b)(3), nor that the judgment is void based on lack of jurisdiction or denial of due process so as to justify relief under subsection (b)(4). *See Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law). Further, Payton does not in any way rely on subsection (b)(5) to support her motion reconsider the judgment.

Payton also fails to establish that she is entitled to relief under the "any other reason" clause. Fed. R. Civ. P. 60(b)(6). Courts have found few narrowly-defined situations that clearly present "any other reason that justifies relief." For example, courts have used Rule 60(b)(6) to return the parties to status quo where one party has failed to comply with a settlement agreement, where fraud not covered by subsection (3) is present, or when the losing party fails to receive notice of entry of judgment in time to file an appeal. See 11 Charles Alan Wright, et al. Federal Practice and Procedure § 2864 (2d ed. 1995). However, the courts have declined to use Rule 60(b)(6) based on a change in federal law. *See*, *e.g.*, *Bailey v. Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (even a change in federal law does not constitute extraordinary circumstances).

Here, Payton points to no "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6). Payton's alleged health problems or difficulty understanding pleadings, court orders, etc. does not amount to "extraordinary circumstances." Further, Payton's *pro se* status does not exempt her from meeting filing deadlines. While courts are more lenient with *pro se* litigants, the Fifth Circuit has cautioned that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Yazdchi v. Am. Honda Fin. Corp.*, 217 Fed. Appx. 299, 304 (5th Cir. Tex. 2007) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Motions to reconsider serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Texas Carpenters Health Benefit Fund v. Philip Morris, Inc.*, No. 97-0625, 1998 U.S. Dist. LEXIS 21018, at *3-4 (E.D. Tx. October 20, 1998) (citing cases). The purpose of a motion to reconsider is not to allow a party to rehash old arguments or advance theories that could have been presented earlier. *Id.* at *4. Here, Payton has failed to establish that any of alleged facts or exhibits to her written submission are newly discovered evidence. Payton cannot now attempt to respond to Hartford's motion for summary judgment.

As mentioned above, the burden of establishing at least one ground for relief under Rule 60(b) is on Payton, and the determination of whether that burden has been met rests within the discretion of the court. *See Lavespere*, 910 F.2d at 173-74; *Resolution Trust Corp.*, 846 F. Supp. at 1314. Because Payton's motion is untimely under Rule 59(e), and because she has failed to establish at least one ground for relief under Rule 60(b), the motion must be denied.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Gayl Payton's **Motion to Reconsider Judgement (R. Doc. 25)** is hereby **DENIED.**

New Orleans, Louisiana, this 8th day of November.

                                           **KAREN WELLS ROBY**
                                           **UNITED STATES MAGISTRATE JUDGE**